FILED

2012 NOV 14  PM 2:57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

David J. Kaminski (SBN 128509)
Kaminskid@cmtlaw.com
J. Grace Felipe (SBN 190893)
Felipeg@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
MIDLAND CREDIT MANAGEMENT, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV 12 9743-MWF
(MAN)

| | |
|---|---|
| HILARY JONES, and individual, | CASE NO. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| MIDLAND CREDIT MANAGEMENT, INC., and DOES 1-25. | |
| Defendant. | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant MIDLAND CREDIT MANAGEMENT, INC. hereby files this notice of removal under 28 U.S.C. §1446(a).

## A. INTRODUCTION

1.    Defendant is MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"); Plaintiff is HILARY JONES ("Plaintiff").

2.    Upon information and belief, Plaintiff initially filed this case on September 27, 2012, in the Superior Court of California, County of Ventura, Case No. 56-2012-00425076-CL-PO-VTA.  A true and correct copy of Plaintiff's original Summons and Complaint is attached hereto as Exhibit "A".

/ / /

1

07297.00/189059

1       3.     On October 15, 2012, Defendant was personally served with the

2   Summons and a copy of Plaintiff's Complaint. (See Declaration of Sany Chay in

3   Support of Notice of Removal, filed concurrently herewith).

4       4.     As Defendant received Plaintiff's Complaint on October 15, 2012,

5   Defendant files this notice of removal within the 30-day time period required by 28

6   U.S.C. §1446(b), and as extended via FRCP 6. See *Wells v. Gateways Hosp. &*

7   *Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

8   **B.  BASIS FOR REMOVAL**

9       5.     Removal is proper because Plaintiff's Complaint involves a federal

10   question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d

11   754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir.

12   1996). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. § 1692,

13   *et seq.*, for alleged violation of the Fair Debt Collection Practices Act.

14       6.     "Where it appears from the bill or statement of the plaintiff that the

15   right to relief depends upon the construction or application of the Constitution or

16   laws of the United States, and that such federal claim is not merely colorable, and

17   rests upon a reasonable foundation, the District Court has jurisdiction…" *Smith v.*

18   *Kansas City Title and Trust Co.*, 255 U.S. 180, 41 S. Ct. 243, 65 L. Ed. 577 (1921)

19   (Court upheld federal jurisdiction over the case because the state claim embraced a

20   federal question). A case may "arise under" federal law for purposes of 28 U.S.C. §

21   1331 even when a state cause of action is asserted, however, "where the vindication

22   of a right under state law necessarily turns on some construction of federal law."

23   *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*,

24   463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). The question then is

25   whether plaintiff's "right to relief under state law requires resolution of a substantial

26   question of federal law in dispute."

27   / / /

28   / / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

2

07297.00/189059

7.     Similarly, to bring a case within (arising-under jurisdiction), a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. *Gully v. First Nat'l Bank* (U.S. 1936) 299 U.S. 109, 112, 112, 57 S. Ct. 96, 97.

8.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

9.     Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## C. JURY DEMAND

10.     Plaintiff demands a jury in the state court action.  Defendant demands a jury trial.

## D. CONCLUSION

11.     Defendant respectfully requests removal of this action as it involves a Federal question under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

DATED:  November 14, 2012          CARLSON & MESSER LLP

By _____
David J. Kaminski
J. Grace Felipe
Attorneys for Defendant,
MIDLAND CREDIT MANAGEMENT, INC.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

3

07297.00/189059

# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>MIDLAND CREDIT MANAGEMENT, INC., and DOES 1-25. | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br>VENTURA<br>SUPERIOR COURT<br>**FILED**<br>SEP 27 2012<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY _____ DEBRA RAMOS    Deputy |
| **YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>HILARY JONES, and individual, | |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso)* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Ventura<br>800 South Victoria Avenue<br>Ventura, California 93009 | 56-2012-00425076-CL-PO-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Friedman, 369 S. Doheny Dr, Ste 415, Beverly Hills, CA 90211, 877-206-4741

DATE: 9-27-12                    MICHAEL D. PLANET           Clerk, by _____ DEBRA RAMOS    , Deputy
*(Fecha)*                                                        *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* **MIDLAND CREDIT MANAGEMENT, INC**

    under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
         [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 417.20, 465<br>www.courtinfo.ca.gov

VENTURA
SUPERIOR COURT
FILED

SEP 2 7 2012

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____ Deputy
DEBRA RAMOS

1   Todd M. Friedman (216752)
2   Law Offices of Todd M. Friedman, P.C.
    369 S. Doheny Dr. #415
3   Beverly Hills, CA 90211
    Phone: 877-206-4741
4   Fax: 866-633-0228
    tfriedman@attorneysforconsumers.com
5   Attorney for Plaintiff
6
7               SUPERIOR COURT OF THE STATE OF CALIFORNIA
                     FOR THE COUNTY OF VENTURA
8                         LIMITED JURISDICTION
9                                    )   Case No.   56-2012-00425076-CL-PO-VTA
10                                   )
    HILARY JONES, and individual,    )   COMPLAINT FOR VIOLATION
11                                   )    OF ROSENTHAL FAIR DEBT
    Plaintiff,                       )   COLLECTION PRACTICES ACT AND
12                                   )   FEDERAL FAIR DEBT COLLECTION
13              vs.                  )   PRACTICES ACT
                                     )
14  MIDLAND CREDIT MANAGEMENT,       )   (Amount not to exceed $10,000)
    INC., and DOES 1-25.             )
15                                   )     1.  Violation of Rosenthal Fair Debt
16  Defendant.                       )         Collection Practices Act
                                     )     2.  Violation of Fair Debt Collection
17                                   )         Practices Act
18
19                          I. INTRODUCTION
20       1.  This is an action for damages brought by an individual consumer for Defendant's
21  violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq.
22  (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.
23
24  (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,
25  deceptive, and unfair practices.
26
27
28                            II. PARTIES

                          Complaint - 1

2.      Plaintiff, Hilary Jones ("Plaintiff"), is a natural person residing in Ventura county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, Defendant, Midland Credit Management, Inc., ("Defendant Asset") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant Asset regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

### III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.      On or about June 06, 2012, Defendant contacted Plaintiff's mother on her business line at (805) 966-7012, in connection with an attempt to collect an alleged outstanding debt. Plaintiff's mother spoke with "Marcus Seagle", an employee of Defendant, who falsely represented that authorization was received from Plaintiff to contact Plaintiff's mother.

6.      On or about June 07, 2012, Defendant again contacted Plaintiff's mother on her business line at (805) 966-7012, in connection with an attempt to collect an alleged debt bearing Care Credit Account No. 6019183064029366. Plaintiff's mother spoke with "Stan Anderson", an employee of Defendant, and informed Defendant of the wrong contact information and to stop calling.

7.    Defendant contacted Plaintiff at (805) 966-7012 at times and places that were known to be inconvenient and with such frequency as to constitute harassment under the circumstances, including but not limited to, multiple calls per week, and calling prior to the due date of the payments towards the alleged debt.

8.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including... (§ 1692d))

> Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including ... (§ 1692e(10))

> In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§ 1692b & § 1692c(b))

> In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§ 1692b(1) & § 1692c(b));

> Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b))

> Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§ 1692b(3) & § 1692c(b));

9.    As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

10.   Plaintiff reincorporates by reference all of the preceding paragraphs.

11.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.   Actual damages;

    B.   Statutory damages for willful and negligent violations;

    C.   Costs and reasonable attorney's fees,

    D.   For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT
### COLLECTION PRACTICES ACT

12.   Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.   Actual damages;

    B.   Statutory damages;

    C.   Costs and reasonable attorney's fees; and,

    D.   For such other and further relief as may be just and proper.

///
///
///

Complaint - 4

# EXHIBIT 1



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

KZS / ALL
Transmittal Number: 10435636
Date Processed: 10/16/2012

**Primary Contact:**     Tanya Flores
Midland Credit Management, Inc.
3111 Camino del Rio North
Suite 1300
San Diego, CA 92108

**Copy of transmittal only provided to:**     Marie Bola
Sany Chay

| | |
|---|---|
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number  1682419 |
| **Entity Served:** | Midland Credit Management, Inc. |
| **Title of Action:** | Hilary Jones vs. Midland Credit Managment, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court/Agency:** | Ventura County Superior Court, California |
| **Case/Reference No:** | 56-2012-00425076-CL-PO-VTA |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/15/2012 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Todd M. Friedman<br>877-206-4741 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )    ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action.  My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA  90045.

On **November 14, 2012,** I served the foregoing document(s) described as: **CIVIL COVER SHEET; CERTIFICATION AND NOTICE OF INTERESTED PARTIES; NOTICE OF REMOVAL; DECLARATION OF SANY CHAY** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]   **BY MAIL:**  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]   **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **PERSONAL SERVICE BY HAND-** I personally served document to address stated on POS Service List.

[ ]   **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

[ ]   **(STATE)**  - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **14**th day of **November 2012** at Los Angeles, California.

Kathryn A. Brown

1
PROOF OF SERVICE

1
2

**SERVICE LIST**
**Jones, Hilary v. Midland Credit Management, Inc.**
**File No.: 07297.00**

3

Todd M. Friedman, Esq.                          **Attorneys for Plaintiff,**
Nicholas J. Bontrager                           **HILARY JONES**

4

**LAW OFFICES OF TODD M.**
**FRIEDMAN, P.C.**

5

369 S. Doheny Drive, Suite 415
Beverly Hills, California 90211

6

Tele: (877) 206-4741
Fax: (866) 633-0228

7

Email: tfriedman@attorneysforconsumers.com
Email: nbontrager@attorneysforconsumers.com

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2